# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RHC DEVELOPMENT, LLC,**
**4563 AMBOY ROAD, LLC,**
**WEST POINT COMMONS, LLC,**
**VMD, LLC and WEST POINT**
**COMMONS OP 1, LLC,**

      **Plaintiffs,**

v.                                                                                      Case No: 6:24-cv-2120-PGB-NWH

**ADDISON INSURANCE**
**COMPANY,**

      **Defendant.**
_____/

## ORDER

This cause comes before the Court on Defendant Addison Insurance Company's ("**Defendant**") Motion to Dismiss Count II of Plaintiffs' Second Amended Complaint. (Doc. 47 (the "**Motion**")). Plaintiffs RHC Development, LLC; 4563 Amboy Road, LLC, d/b/a 4563 Amboy Road Associates, LLC; West Point Commons, LLC; VMD, LLC; and West Point Commons OP 1, LLC (collectively, the "**Plaintiffs**") filed a response in opposition to the Motion. (Doc. 48 (the "**Response**")). Upon due consideration, the Motion is denied.

I.  **BACKGROUND**[1]

Plaintiffs initiated this action against Defendant in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida on October 23, 2024. (Doc. 1-2). Defendant subsequently removed this action to the instant Court on the basis of diversity jurisdiction. (Doc. 1). Plaintiffs ultimately filed the Second Amended Complaint on February 6, 2025. (Doc. 45).

In the Second Amended Complaint, Plaintiffs allege they purchased commercial insurance from Defendant to cover their properties located at 1101 S. Park Avenue, Winter Garden, Florida 34787; 13770 W. Colonial Drive, Winter Garden, Florida 34787; and 13750 W. Colonial Drive, Winter Garden, Florida 34787 (collectively, the "**properties**"). (*Id.* ¶ 5). Plaintiffs allege the insurance policy (Doc. 47-1 (the "**Policy**")) covered the properties against hurricane, wind, water, and mold damage. (*Id.*). Plaintiffs further allege that on or around September 28, 2022, the properties sustained damage due to Hurricane Ian (the "**Loss**"). (*Id.* ¶ 7). Plaintiffs allege that such damage was covered by the Policy. (*Id.*).

As such, Plaintiffs pursue two counts against Defendant in the Second Amended Complaint. (Doc. 45). In Count I, Plaintiffs pursue a breach of contract claim, alleging that Defendant breached the Policy by refusing to "(i) acknowledge coverage for the Loss; and/or (ii) acknowledge that payment of insurance proceeds

---

[1] This account of the facts comes from Plaintiffs' Second Amended Complaint. (Doc. 45). The Court accepts the well-pled factual allegations therein as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

for the Loss will be forthcoming; and/or (iii) issue payment in full of insurance proceeds for the Loss to Plaintiffs." (*Id.* ¶ 13). In Count II, Plaintiffs seek a declaratory judgment concerning their entitlement to coverage under the Policy. (*Id.* ¶¶ 18–33).

## II.   STANDARD OF REVIEW

As a preliminary matter, "the Florida Declaratory Judgment Act only functions as a procedural mechanism." *Gettings Prods., Inc. v. Ohio Sec. Ins. Co.*, No. 6:20-cv-1166, 2020 WL 6437050, at *1 (M.D. Fla. July 7, 2020) (citing *Bailey v. Rocky Mt. Holdings, LLC*, 889 F.3d 1259, 1264 n.6 (11th Cir. 2018)); *see also Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880–81 (11th Cir. 2016) ("Florida's Declaratory Judgment Act . . . is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights.").[2] "As a federal court sitting in diversity jurisdiction, this Court applies the substantive law of the forum state, in this case Florida, alongside federal procedural law." *Gettings Prods.*, 2020 WL 6437050, at *1 (quoting *Horowitch v. Diamond Aircraft Indus.*, 645 F.3d 1254, 1257 (11th Cir. 2011)).

"[A] declaratory judgment is appropriate when it will '(1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings.'" *Hands on Chiropractic PL v. Progressive Select Ins. Co.*, No. 18-cv-

---

[2]   "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

3

192, 2018 WL 3635091, at *4 (M.D. Fla. June 25, 2018) (citation omitted). Further, the federal Declaratory Judgment Act, "echoing the 'case or controversy' requirement of [A]rticle III of the Constitution, provides that a declaratory judgment may only be issued in the case of an 'actual controversy.' That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985) (collecting cases).

Importantly, Federal Rule of Civil Procedure 57 provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." FED. R. CIV. P. 57; *see Hands on Chiropractic*, 2018 WL 3635091, at *4 (declining to dismiss the plaintiff's claim for declaratory relief because an adequate remedy at law existed through a breach of contract claim). Moreover, Federal Rule of Civil Procedure 8 allows a party "[to] plead alternate theories of recovery[,] including . . . declaratory relief[,] even if a remedy at law is pled in another count." *Coastal Wellness Ctrs., Inc. v. Progressive Am. Ins. Co.*, 309 F. Supp. 3d 1216, 1222 (S.D. Fla. 2018); FED. R. CIV. P. 8(d)(2).

Nonetheless, "a district court has discretion in deciding whether to entertain an action under the [federal Declaratory Judgment] Act." *Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc.*, 12 F.4th 1278, 1281 (11th Cir. 2021); *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) ("Since its inception, the [federal] Declaratory Judgment Act has been understood to confer on federal courts unique and

4

substantial discretion in deciding whether to declare the rights of litigants."); *Stevens v. Osuna*, 877 F.3d 1293, 1311 (11th Cir. 2017); 28 U.S.C. § 2201(a).

Accordingly, courts in this district have exercised their discretion to both grant and deny motions to dismiss claims for declaratory judgment as redundant of claims for breach of contract in the insurance context. *Compare Tiro Beachwear Inc. v. Foremost Ins. Co.*, No. 6:20-cv-425, 2020 WL 5983830, at *2–3 (M.D. Fla. Apr. 8, 2020) (denying the defendant's motion to dismiss the plaintiff's claim for declaratory relief, despite its alleged redundancy of the breach of contract claim, because although "some courts dismiss claims for declaratory relief where the plaintiff alleges a parallel breach of contract claim, others allow the declaratory claim to travel with the breach of contract claim" (internal citation and quotation marks omitted)), *with Fernando Grinberg Tr. Success Int'l Props. LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ., 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010) (dismissing a plaintiff's claim for declaratory judgment since "determination of [the] breach of contract claim . . . involves the same factual dispute as the declaratory judgment claim, namely, to what extent the damage from the plumbing failure is covered by the insurance policy," and reasoning that the plaintiff would be able to secure relief through the former claim).

### III.  DISCUSSION

Here, Defendant moves to dismiss Plaintiffs' Count II for a declaratory judgment, arguing that: (1) Plaintiffs fail to specifically allege any ambiguity in the Policy that requires the Court's interpretation; and (2) Plaintiffs' requested

5

declaratory relief is duplicative of the relief sought in Plaintiffs' breach of contract claim. (*See* Doc. 47). In response, Plaintiffs maintain they have adequately alleged ambiguity at the pleading stage. (Doc. 48, pp. 9–12). Plaintiffs also argue that Count II is not duplicative because it seeks additional relief in the form of a declaratory judgment. (*Id.* at pp. 6–9).

As to Defendant's first argument, Defendant correctly highlights that Plaintiffs do not specifically allege which portions of the Policy are ambiguous. (*See* Doc. 47, pp. 8–10; *see also* Doc. 45, ¶¶ 18–33). However, a request for declaratory judgment need not be a model of specificity; rather, such a request merely requires an "actual controversy." *See Emory*, 756 F.2d at 1551–52. Here, Plaintiffs properly allege an "actual controversy" between the parties as to whether the Loss is covered by the Policy. *See id.*; (Doc. 45, ¶¶ 7–8). Plaintiffs allege that such a controversy is "substantial" and "continuing" because Defendant has failed to acknowledge coverage for the Loss or issue payment to Plaintiffs, and that dispute is ongoing. *See id.* Thus, at this stage in the proceedings, the Court finds Plaintiffs have sufficiently alleged an "actual controversy" to allege Count II for declaratory relief. *See Mt. Hawley Ins. Co. v. Tactic Sec. Enf't, Inc.*, 252 F. Supp. 3d 1307, 1310 (M.D. Fla. 2017) (holding that an insurance coverage dispute presented a justiciable controversy under the Declaratory Judgment Act); *Razaqyar v. Integon Nat'l Ins. Co.*, No. 8:20-cv-2444, 2020 WL 6591195, at *2 (M.D. Fla. Nov. 11, 2020) (same); *Turco v. Ironshore Ins. Co.*, No. 2:18-cv-634, 2018 WL 6181348, at *2 (M.D. Fla. Nov. 27, 2018) (same).

Next, Defendant argues that Plaintiffs' requested relief in Count II, for a declaratory judgment, is duplicative of the relief sought in Count I, for a breach of contract. (Doc. 47, pp. 7–8). In *Tiro Beachwear*, the court addressed a motion to dismiss a plaintiff's claims for declaratory judgment under similar circumstances. *See* 2020 WL 5983830, at *3. Therein, the court reasoned that it "need not conclude whether or not the declaratory judgment claim [is] subsumed by the breach of contract claim[], because the Court is persuaded to not dismiss the [declaratory judgment] claim." *Id.* Even assuming the declaratory judgment claim is duplicative of the breach of contract claim, there will be no additional burden to Defendant, who must engage in discovery relevant to the breach of contract claim regardless of the Court's ruling on this Motion. *See id.* This Court thus declines to exercise its discretion to dismiss Plaintiffs' declaratory judgment claim and will instead allow it to travel with Plaintiffs' breach of contract claim, as is expressly permitted by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 8(d)(2), 57.

## IV.   CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss Count II of Plaintiffs' Second Amended Complaint (Doc. 47) is **DENIED.**

**DONE AND ORDERED** in Orlando, Florida on August 23, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties